<table>
<tr>
<td>CARLA CUMMINGS, Individually, and<br>CARLA and KEVIN CUMMINGS, as<br>Husband and Wife<br>11383 Fergus Street, NE #F<br>Blaine, Minnesota 55449<br><br>Plaintiffs<br><br>v.<br><br>BECKLEY'S RV RENTALS, LLC<br>t/a BECKLEY'S RV'S<br>7633 Devilbliss Bridge Road<br>Frederick, Maryland 21701<br><br><u>Serve On:</u><br>Kelly T. Shanholtzer<br>Resident Agent<br>11109 Angleberger Road<br>Thurmont, Maryland 21788<br><br>And<br><br>BECKLEY'S ENTERPRISES, INC.<br>11109 Angleberger Road<br>Thurmont, Maryland 21788<br><br><u>Serve On:</u><br>Kelly T. Shanholtzer<br>Resident Agent<br>11109 Angleberger Road<br>Thurmont, Maryland 21788<br><br>Defendants</td>
<td>IN THE UNITED STATES<br><br>DISTRICT COURT<br><br>FOR THE DISTRICT<br><br>OF MARYLAND<br><br>Case No: ___________________</td>
</tr>
</table>

**<u>COMPLAINT AND ELECTION FOR JURY TRIAL</u>**

Plaintiffs, Carla Cummings, Individually, and Carla and Kevin Cummings, as Husband and Wife, by and through their undersigned counsel, Emily C. Malarkey and Malarkey Perlin, L.L.C., sue the Defendants, Beckley's RV Rentals,

L.L.C., trading as "Beckley's RV's," and Beckley's Enterprises, Inc., and state as follows.

**THE PARTIES, JURISDICTION, AND VENUE**

1. The Plaintiffs, Carla and Kevin Cummings, are residents of the State of Minnesota.

2. The Defendant Beckley's RV Rentals, L.L.C. is a Maryland corporation with its principal place of business in Frederick County, Maryland. At all times relevant, it operated under the trade name "Beckley's RV's."

3. The Defendant Beckley's Enterprises, Inc. is a Maryland corporation with its principal place of business in Frederick County, Maryland.

4. Together, Defendants are referred to as "Beckley's" throughout this Complaint.

5. The individuals who are alleged to be negligent in this lawsuit were, at all times relevant, the employees, agents, or apparent agents of Defendants, and were acting in the scope of their employment or agency.

6. This Court has jurisdiction under 28 U.S.C. § 1332 because the Plaintiffs are citizens of Minnesota, the Defendants are citizens of Maryland, and the amount of this claim exceeds $75,000.

7. Venue is proper in this Court under 28 U.S.C. § 1391 because the events at issue occurred in Maryland, and Defendants' principal place of business is in Maryland.

## FACTUAL BACKGROUND

8. In 2024, Carla and Kevin Cummings decided to purchase a Recreational Vehicle (RV). In researching RVs and searching for one that would suit their needs, they came across Beckley's RV's on the internet.

9. Beckley's RV's is a large seller of recreational vehicles that is based in Frederick County, Maryland. It is well known in the RV enthusiast community as a reputable seller of custom RV's.

10. The Cummings decided to purchase a custom RV from Beckley's. After settling on a vehicle, customizations, and price, they traveled from their home state of Minnesota to Beckley's in Frederick, Maryland to finalize the purchase and pick up the RV.

11. On October 3, 2024, the Cummings arrived at Beckley's RV's and completed a "walk through" and test drive of their new RV. Because the RV required some minor modifications, the Cummings spent the night in Frederick, planning to return the next day to finalize the sale.

12. On October 4, 2024, the Cummings returned to Beckley's as planned. As they had been instructed to do the day before, they parked in a parking lot across the street from the main business office of Beckley's and garage where there vehicle was being stored. The group of buildings that included the main office and garage was surrounded by a chain link fence.

13. At the same time that Mrs. Cummings was walking from the parking lot towards the fenced area surrounding the buildings, a Beckley's employee, who is

believed to be named "Jake," was driving a small vehicle towing a camper from the parking area.

14. "Jake" passed Mrs. Cummings as the two were approaching the fenced area containing the buildings, and the two of them arrived at the gate to the fence at approximately the same time.

15. To avoid walking in front of Jake's vehicle, Mrs. Cummings stopped walking and stood safely off to the side, behind the gate. She waited for Jake and the camper to pass through the gate before she proceeded forward through it.

16. As he was passing by Mrs. Cummings, who was standing still off to the side waiting for her to pass, Jake nodded his head to her, acknowledging her presence.

17. After Jake and his vehicle entered the fenced area, he turned towards the *left*, in the opposite direction of the business office where Mrs. Cummings was heading.

18. Once Jake completely entered the fenced area, Mrs. Cummings did so herself, proceeding towards the *right* in the direction of the business office.

19. As she was walking toward the office, suddenly and without warning, Jake reversed the vehicle he was driving, facing it directly towards Mrs. Cummings, whose back was turned. He then proceeded to drive forward, pushing the camper in front of him instead of pulling it behind him.

20. Jake drove the camper directly into Mrs. Cummings as she continued her walk towards the business office.

21. Jake's vehicle was not equipped with any audible alarm that would have alerted Mrs. Cummings to his change of course, and he did not make any audible warning of his plan to reverse direction.

22. Mrs. Cummings was struck by the camper and knocked violently to the ground. She immediately felt a ripping sensation in her shoulder. At first, Jake continued to drive forward, and Mrs. Cummings was terrified that her entire body would be run over by the camper.

23. Jake stopped his vehicle just before running over Mrs. Cummings. He approached Mrs. Cummings tearfully, apologizing profusely. He admitted that the collision was his fault.

24. Emergency medical services were called and transported Mrs. Cummings to the hospital. She was diagnosed with an acute comminuted right proximal humerus fracture (and was told that her shoulder was "shattered"). She was placed in a sling and informed that she would need surgery to repair her shoulder. She was advised to follow up with an orthopedic surgeon when she got home to Minnesota.

25. Because of her severe shoulder fracture, Mrs. Cummings was not able to drive, so Mr. Cummings had to drive the entire way home to Minnesota himself. The trip took four full days, during which time Mrs. Cummings' shoulder was causing her so much pain that she could not even eat.

26. Mrs. Cummings saw an orthopedic surgeon the day after her arrival in Minnesota. Based on imaging, she was diagnosed with a foot fracture in addition to

the shoulder fractures. She was referred to a special reconstructive orthopedist for a consultation on repairing her shattered shoulder.

27. On October 24, 2024, Mrs. Cummings underwent right reverse arthroplasty, a major surgery that reverses the shoulder's ball and socket configuration in order to treat serious dislocations and fractures, allowing the deltoid muscle to power the shoulder in situations where a traditional shoulder replacement is impossible because of the degree of damage to the joint.

28. Mrs. Cummings' recovery was long and protracted. She underwent a lengthy course of physical therapy, and immobilization. She endured difficulty performing activities of daily living, dressing, standing, sitting, driving, and doing other basic tasks. She was in constant pain and lost sleep. She developed migraines and issues with her balance. She suffered exacerbation of post-traumatic stress disorder initially diagnosed after a work-related trauma years prior.

29. Although Mrs. Cummings no longer is receiving regular medical care for her injuries, she continues to suffer from shoulder pain, difficulty with mobility and range of motion, and difficulty performing certain basic tasks, including lifting heavy objects, performing routine housework, and cutting food. She is not expected to make a full recovery.

## COUNT 1
## NEGLIGENCE

30. Plaintiffs adopt all preceding paragraphs as if fully set forth herein.

31. Defendants, and their agents and employees, owed a duty of care to Carla Cummings, who was a business invitee on their property and an innocent

pedestrian lawfully walking from Defendants' parking lot to its business office for purposes of doing business with Defendants.

32. Defendants, including but not limited to, the individual believed to be called "Jake," were negligent and careless and violated their duty of care to Carla Cummings in the following manners:

a. By failing to take proper care to avoid a collision;
b. By driving a vehicle directly into Mrs. Cummings without stopping;
c. By driving a vehicle directly into Mrs. Cummings without issuing any warning;
d. By failing to ensure the tow vehicle was outfitted with appropriate warning signals or alarms;
e. By reversing direction of a vehicle without keeping proper lookout;
f. By reversing direction without proper warning;
g. By acting unreasonably under the circumstances,
h. And in other ways.

33. As a result of the negligence of Defendants and their agents or employees, Carla Cummings was caused to endure painful physical injuries to her body, as well as emotional and psychological harm, which continue to the present day. She incurred significant medical bills and other economic damages, and may incur additional financial losses in the future. Some of her injuries and damages are permanent.

34. Mrs. Cummings' injuries were solely caused by Defendants and their agents' negligence, without any negligence on her part contributing.

WHEREFORE, Plaintiff Carla Cummings claims damages against Defendants in an amount to be determined by a jury.

## COUNT 2
## LOSS OF CONSORTIUM

35. Plaintiffs adopt all preceding paragraphs as if fully set forth herein.

36. As a result of the negligence of Defendants and their agents and employees, Carla and Kevin Cummings, as Husband and Wife, suffered damage to their marital relationship in the form of lost support, affection, counsel, guidance, and other damages recoverable under Maryland law as loss of consortium.

37. Plaintiffs' injuries were solely caused by Defendants and their agents' negligence, without any negligence on their part contributing.

WHEREFORE, Plaintiffs Carla and Kevin Cummings, as Husband and Wife, claim damages against Defendants in an amount to be determined by a jury.

Respectfully submitted,

Emily C. Malarkey (28197)
malarkey@malperl.com
MALARKEY PERLIN, LLC
201 International Circle, Suite 170
Hunt Valley, Maryland 21030
410-793-7900 (Telephone)
410-793-7911 (Fax)

## ELECTION OF JURY TRIAL

Plaintiffs elect to have their case tried before a jury.

Respectfully submitted,

____________________________________
Emily C. Malarkey (28197)
malarkey@malperl.com
MALARKEY PERLIN, LLC
201 International Circle, Suite 170
Hunt Valley, Maryland 21030
410-793-7900 (Telephone)
410-793-7911 (Fax)